ORADELL GARDENS, INCORPORATED, PLAINTIFF-APPEL-
LANT, v. WALTER G. MOONEY, JOHN J. MOONEY AND
PAUL W. ECKERT, DEFENDANTS-RESPONDENTS.

Submitted October 12, 1934—Decided March 25, 1935.

Before Justices LLOYD, CASE and DONGES.

For the appellant, *Benjamin J. Spitz.*

For the respondents, *Breslin & Breslin.*

LLOYD, J. The action was to recover the value of a sign which the defendants were charged with taking off of the premises of the plaintiff, a land development company. There was a nonsuit in the District Court and plaintiff appeals, presenting this action as the sole ground for reversal.

The plaintiff's proofs disclosed that the sign, a large one, 14 by 28 feet, was erected by the Oradell Gardens, Incorporated, in 1928 or 1929, at a cost of $250; that it was removed at the instance of the defendants. This apparently made out a *prima facie* case.

The respondents, however, contend first that the possession or title to the sign was not shown to be in the plaintiff.

We think the evidence was adequate for the purpose. It established that the sign was constructed by the plaintiff on its own property from which its continued ownership would be presumed, and presumably also this relation continued until a contrary state of the title or ownership was established. It is also suggested that the title or ownership in the plaintiff was defeated by a tax sale of the lands. This, however, was not adequately shown, and if it had been it would not affect personal property, if such the sign should be determined to be.

It is next urged by respondents that the sign in question was not personal property, but a part of the realty. Here again we think the contention is not well founded. An ordinary advertising sign, such as the present one purported to be, is not necessarily a part of the land on which it is located. While the sign was erected on the ground in a substantial fashion, and was intended to serve the purposes of the land company, this did not make it part of the realty.

The character which a chattel takes on when annexed to the realty is in no small degree dependent upon the intention with which it is placed, and this is particularly true when the ownership of both the chattel and the realty is in one and the same person. 26 *Corp. Jur.* 655, 656; *Gibbs* v. *Cooper*, 86 *N. J. L.* 226. That the sign was intended not to become a part of the realty is in some degree evidenced by the form in which this action was instituted, being for the conversion of chattels, and that such was the intention is evident also from the fact that the sign was erected to effect a temporary purpose only. Plaintiff was engaged in the sale of lots as a real estate development. When these lots were disposed of the sign would have no purpose or utility.

Regarding the contention that there was not sufficient evidence to connect the defendants with the trespass, it is sufficient to say that the proofs showed that all of them were instrumental in procuring removal of the sign. Against them a *prima facie* case was established and the nonsuit was improper.

The judgment is reversed.